# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4376

DANIEL GEORGE CURRENT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-205-BR)

Submitted: November 26, 2001

Decided: December 12, 2001

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Yvonne V. Watford-McKinney, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Daniel G. Current was confined at the Federal Prison Camp at Seymour Johnson Air Force Base in Goldsboro, North Carolina. In August 2000 he was placed on escape status when he was discovered missing during a bed check. Current was apprehended two months later in Virginia.

Current pled guilty to escape in violation of 18 U.S.C.A. § 751(a) (West 2000). After receiving his presentence report, Current objected that he was entitled to a reduction in his offense level under *U.S. Sentencing Guidelines Manual* § 2P1.1(b)(3) (2000). That section provides for a four-level reduction for escape from a non-secure community corrections center or similar facility. The probation officer rejected the objection on the ground that a federal prison camp is not a community corrections or similar facility within the meaning of the guideline. The district court overruled Current's objection to this position. Current was sentenced to twenty months imprisonment, consecutive to his prior unserved time, to be followed by three years supervised release.

On appeal, Current asserts that the prison camp is a non-secure facility that is integrated into the community of the Air Force Base, and he is therefore entitled to the reduction. We review such an application of the sentencing guidelines for clear error. *United States v. Sarno*, 24 F.3d 618, 622 (4th Cir. 1994). Under the two-pronged test adopted in *Sarno*, the § 2P1.1(b)(3) reduction applies if: (1) the escape is from a non-secure facility; and (2) the non-secure facility is "similar to a community corrections center, community treatment center or half-way house." *Id.* at 623.

While a federal prison camp may be a non-secure facility, several circuits have held that a federal prison camp is not sufficiently similar

to a community correctional center within the meaning of the sentencing guideline. *See* cases cited in *Sarno*, 24 F.3d at 623 n.4. Current argues that the prison camp at Seymour Johnson was integrated into the community of the air force base. The court in *United States v. Tapia*, 981 F.2d 1194, 1197-98 (11th Cir. 1993), held that a prison camp at an air force base is not sufficiently similar to a community corrections facility. Therefore, we conclude that the district court's ruling on this issue was not clearly erroneous.

We affirm Current's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*